UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                Defendants.

22-CV-6627 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff is a prolific litigant who is appearing *pro se* and is currently subject to two prefiling injunctions in this Court. *See Komatsu v. The City of New York*, ECF 1:20-CV-7046, 45 (S.D.N.Y. Dec. 20, 2020); *Butler, et al., v. City of New York*, ECF 1:15-CV-3783, 146 (S.D.N.Y. Sept. 2, 2021). He brings this 215-page complaint against dozens of defendants, asserting claims arising between 2017 and the present. By order dated August 15, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Towaki Komatsu has brought numerous actions in this court, including many in which he alleges that he was unlawfully excluded from participating in public meetings. *See, e.g.*, *Komatsu*, ECF 1:20-CV-7046 (lead case of nine related actions bringing claims for exclusion from public meetings). Since December 20, 2020, Plaintiff has been subject to a prefiling injunction requiring him to seek permission to file "any new action in this Court against the City of New York, city officials, and members of the NYPD regarding their alleged involvement in preventing him from attending public meetings with the Mayor." *Id.* (ECF 45).

The prefiling injunction further indicates that, "[i]f the Court grants Plaintiff permission to file a new action, the complaint in that new action must not exceed 25 pages." *Id.* The Court recently dismissed Plaintiff's suit against District Judge Ramos, in which Plaintiff sued Judge Ramos for his judicial acts related to the prefiling injunction. *See Komatsu v. Ramos*, No. 22-CV-6076 (LTS) (S.D.N.Y.).

Plaintiff has also been enjoined from "filing any documents in cases to which he is not a party unless he first files a one-page, double-spaced declaration stating his legal interest in the matter and why he should be permitted to move to intervene." *Butler,* ECF 1:15-CV-3783, 146.

In this complaint, Plaintiff seeks, among many other things, a declaration "that the City of New York, its agencies, and its personnel may not lawfully impose prior restraints on First and Fourteenth Amendment rights of expression and assembly in public forums while this partly means that prohibitions imposed by the City Council and Mayor's Office against efforts by the public to lawfully present pre-recorded exhibits in conjunction with public testimony during public hearings that is relevant to the agenda of those hearings." (ECF 2 at 176.) Plaintiff asks this Court to order that "all public hearings that are conducted partly by City of New York agencies and their personnel are required to be conducted in-person instead of remotely" and "to immediately restrain all members of the City Council who attend public hearings . . . from using cell phones during them . . . ." (*Id.* at 177.) He seeks to require the City Council to hear public testimony "in the order in which people register to testify" and to enjoin City of New York employees "from obstructing the general public from testifying . . . in flagrant violation of the general public's First and Fourteenth Amendment rights." (*Id.* at 177-78.)

Plaintiff also seeks: (1) to require posting of video recordings of public hearings within three days, including "all video security cameras . . . that are controlled by the NYPD," *id.* at

3

178; (2) to require corrections to all transcripts of City Council hearings to "fully reflect what was actually stated," *id.*; (3) "to grant the general public the exact same level of access as the press to all areas in the rooms that host public hearings," *id.*; (4) to require "the City of New York to immediately terminate the employment of all of its personnel . . . who have and may continue to block others from accessing public forums," *id.* at 179.

In addition to his claims arising from alleged exclusion from public hearings involving the Mayor's Office, Plaintiff brings various unrelated claims. He asks the Court to order the City of New York "to end the outdoor dining program completely all across New York City within 24 hours and to have that strictly enforced continuously"; to ban certain police officers and security officers "for life from working in the law enforcement field"; to have certain attorneys "immediately and permanently disbarred"; "to declare that no objectively reasonable grounds ever existed to support claims that were made [that Plaintiff] made a bomb threat" on October 19, 2017, at the building where the New York City Human Resources Administration (HRA) is located; to order that the Pro Se Intake Unit immediately make good faith efforts to find him *pro bono* legal representation for this matter; to enjoin various actions by court security officers or members of the United States Marshals Service; to "adapt" certain orders issued by District Judge Ramos; to "confirm" that certain orders issued by Magistrate Judge Gorenstein "never were enforceable"; and to authorize Plaintiff "freely to submit applications to intervene in other litigation," notwithstanding the prefiling injunction in *Butler,* ECF 1:15-CV-3783, 146.

Plaintiff asserts 23 causes of action, including violations of the False Claims Act, the Racketeer Influenced and Corrupt Organizations Act (RICO), constitutional violations, wire fraud, and state law claims. He sues Silverstein Properties, Inc., the City of New York, dozens of

police officers, HRA employees, members of the City Council, employees of the New York City Law Department, and other City of New York employees.

## DISCUSSION

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). Under Rule 20(a)(2), which governs joinder of parties:

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, 'the mere allegation that Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).'" *Clay v. Doe*, No. 20-CV-7692, 2020 WL 6151436, at *1 (S.D.N.Y. Oct. 20, 2020) (citing *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), and quoting *Deskovic*, 673 F. Supp. 2d at 167).

Here, Plaintiff attempts to join many unrelated parties and claims in a single action, which he cannot do. Moreover, many of the claims that Plaintiff seeks to assert fall within the prefiling injunction set forth in *Komatsu*, ECF 1:20-CV-7046, 45. Plaintiff cannot avoid the prefiling injunction by including in a single action his claims that are subject to the bar together with others that may be outside it. A review of publicly available records reflects that Plaintiff did not seek permission before bringing this action, notwithstanding that the complaint includes claims that fall within the bar. The Court therefore dismisses this action without prejudice for failure to comply with the order.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for Plaintiff's failure to comply with the prefiling injunction, *Komatsu*, ECF 1:20-CV-7046, 45. All filing restrictions remain in effect.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   August 15, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge